**Penn Dodson (PD 2244)**
AndersonDodson, P.C.
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax
*penn@andersondodson.com*

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **"JUAN" DOE,** | **COMPLAINT FOR DAMAGES** |
| Plaintiff, | Case No. _____ |
| v. | |
| **CHECKERS DRIVE-IN RESTAURANTS, INC.** and **CHECKERS/RALLY'S NATIONAL PRODUCTION FUND, INC.**, | **JURY TRIAL REQUESTED** |
| Defendants. | |

## INTRODUCTION

1. Plaintiff "Juan" Doe worked as a laborer for Defendants' Checkers Drive-In fast food restaurant for almost seven years.  During this time, he worked significant amount of overtime and was paid only at a "straight time" rate, and was paid in cash without wage notices or paystubs. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum

Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §
   1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of
   28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A
   significant portion of the events giving rise to the instant litigation occurred at the
   Defendants' fast food restaurant located at 2270 Forest Ave., Staten Island, NY  10303.

## PARTIES

**Defendants**

5. Defendant **Checkers Drive-in Restaurants, Inc.** d/b/a Checkers (hereinafter
   "Checkers") is a foreign corporation doing business within the County of Richmond,
   whose principal place of business is located at 4300 W. Cypress St. #600, Tampa, FL
   33607. Its DOS Process agent is listed with the NYS Department of State as Corporation
   Service Company with an address of 80 State St., Albany NY  12207-2543.

6. Defendant **Checkers/Rally's National Production Fund, Inc.** is a foreign corporation
   doing business within the County of Richmond, whose principal place of business is
   located at 4300 W. Cypress St. #600, Tampa, FL  33607. Its DOS Process agent is listed
   with the NYS Department of State as Corporation Service Company with an address of
   80 State St., Albany NY  12207-2543.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Doe v. Checkers*
USDC, EDNY

Complaint
Page 2

7.  Defendant Checkers Drive-in Restaurants, Inc. operates a fast food restaurant located at 2270 Forest Ave., Staten Island, NY  10303.

8.  Defendant Checkers/Rally's National Production Fund, Inc. operates a fast food restaurant located at 2270 Forest Ave., Staten Island, NY  10303.

9.  At all relevant times, Defendant Checkers had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant Checkers was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all times material to this action, Defendant Checkers was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.


**Plaintiff "Juan" Doe**

12. Doe is a purely fictitious surname for the Plaintiff; however, Plaintiff was known only as "Juan" during the entirety of his employment at Checkers.  Therefore, while it is a nickname, Defendant knows or should know the person to whom this name refers herein. His employer never sought proof of his identity, and paid him in cash, without paystubs.

13. Plaintiff is a resident of Staten Island, New York, which is in Richmond County.

14. At all times material to this action, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

15. Plaintiff worked for Checkers from approximately the end of October, 2008 to August 2, 2015, or thereabouts.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Doe v. Checkers*
USDC, EDNY

Complaint
Page 3

16. Plaintiff performed a variety of tasks at Checkers, all or most of which were comprised of manual labor.  He did not perform the cashier position in the front of the store; the majority of his work took place in the back of the store, mostly in the kitchen area.  His duties included tasks such as opening the store, cleaning and preparing the tables, chopping tomatoes and onions, grilling burgers, assembling sandwiches, receiving inventory, washing dishes, mopping, removing snow from the exterior areas, stocking sodas, and taking out the trash.

17. While in this position, Plaintiff was paid on an hourly basis.

18. Plaintiff's starting rate of pay while working for Checkers was $7.50 per hour.  Over the years it slowly increased, up to $10.50 per hour.  His rate was $10.50 per hour for approximately the last three years of his employment.

19. While working in this capacity, Plaintiff was not expected to clock in and out or otherwise record his time worked; instead, he was simply paid according to his standard shift hours.

20. Plaintiff generally worked the following shifts:  Monday through Saturday, from 8:00am to 6:00pm, and Sunday at 8:00am to 1:00am the following morning.

21. Plaintiff Doe generally did not get a meal break; he would simply grab a bite to eat while he was working when there was an opportunity to do so.

22. Plaintiff generally worked approximately 77 hours per week.

23. Plaintiff was paid at his normal "straight time" hourly rate for his time worked; he was not paid at a rate of one and one half times his normal hourly rate for the hours over 40 he worked in a workweek.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Doe v. Checkers*
USDC, EDNY

Complaint
Page 4

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

24. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

25. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

26. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

27. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

28. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

29. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Doe v. Checkers*
USDC, EDNY

Complaint
Page 5

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

30. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

31. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

***Failure To Pay Overtime***

32. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

***Spread of Hours***

33. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay him an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

***Failure To Provide Break Time***

34. Plaintiff was employed in or in connection with Defendant's "mercantile or other establishment."  Plaintiff worked a shift of more than six hours extending over the noon day meal timeframe (i.e. between 11:00am and 2:00pm).  Defendant failed to provide Plaintiff at least thirty minutes for the noon day meal, in contravention of NYLL § 162(2).

35. On Sundays, Plaintiff worked a shift starting before 11:00am and ending later than 7:00pm.  Defendant failed to provide Plaintiff an additional meal period of at least twenty minutes between 5:00pm and 7:00pm, in contravention of NYLL § 162(3).

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Doe v. Checkers*
USDC, EDNY

Complaint
Page 6

36. The New York Commissioner of Labor issued no authority, pursuant to NYLL § 162(5) permitting Defendant to provide shorter meal periods for Plaintiff.

### Failure To Provide Day of Rest

37. Defendant operated a "factory, mercantile establishment, hotel, [or] restaurant" and failed to provide Plaintiff with one day rest in seven, in contravention of NYLL § 161.

### Failure to Provide Pay Stubs & Wage Notices

38. Defendant failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

39. Defendant failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

### Record-Keeping Failures

40. At all relevant times, Defendant failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

41. At all relevant times, Defendant failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Doe v. Checkers*
USDC, EDNY

Complaint
Page 7

net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

42. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

***Willfulness and Damages***

43. Defendants willfully violated the rights of Plaintiff by failing to pay him at a rate of not less than one and one-half times his regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2

44. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B)   Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C)   Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D)   Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(E)   Award Plaintiff NYLL statutory damages for Defendant's failure to provide pay stubs and wage notices;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Doe v. Checkers*
USDC, EDNY

Complaint
Page 8

(F)     Award Plaintiff interest;

(G)     Award Plaintiff the costs of this action together with reasonable attorneys' fees;

and

(H)     Award such other and further relief as this Court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **4th** day of **August, 2015.**

ANDERSONDODSON, P.C.

**Penn Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiff

11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Doe v. Checkers*
USDC, EDNY

Complaint
Page 9